PETER EELMAN, trading as EELMAN & COMPANY, complainant-respondent,

v.

JOHNSON PRODUCTS COMPANY, INCORPORATED, et al., defendant-appellant.

[Submitted May 25th, 1928.   Decided October 15th, 1928.]

1. An order of the court of chancery appointing a statutory receiver is justified when the averment of insolvency of the corporation and its inability to carry on its business with safety to its creditors and stockholders is admitted by the answer of the corporation.

2. The appointment of a receiver of a corporation is a judicial act and the right to name him belongs to the court.

3. Where a statutory receiver has been properly appointed by the court, such receiver, after hearing upon a rule to show cause why he should not be continued, may be continued by the court in the absence of evidence that he is incompetent or unfit by reason of partiality or interest, and where the only objection is that of stockholders that a receiver of their own selection should be named.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church.

*Mr. J. Glenn Anderson* and *Mr. Frank E. Bradnor,* for the appellants.

*Mr. William Harris,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The complainant in this case was a creditor of the Johnson Products Company, Incorporated, the defendant corporation. He filed a bill seeking to have the corporation declared insolvent and asking for the appointment of a receiver.

Upon the hearing had by the court a statutory receiver was appointed, the judicial action being based upon the pleadings, the corporation having filed an answer admitting its insolvency and inability to carry on its business with safety to its creditors and stockholders.  A short time later an application for the continuance of the receivership was made on notice given to the present appellant, who are five stockholders, and to other stockholders and creditors.  After a hearing of this application and a consideration of affidavits submitted on behalf of the complainant and these appealing stockholders, an order to continue the receiver was made.  In due course the court, after receiving the report of the receiver, directed a sale of the corporate property.

The present appellants, who are holders of a small minority of the stock of the corporation, appeal from each of these orders.

We think that the order appointing the statutory receiver was proper in view of the fact that the averments of insolvency of the corporation and of its inability to carry on its business with safety to its creditors and stockholders were admitted by the answer of the corporation.

We think, too, that the order continuing the receivership was justified.

Upon the return of the order to show cause why the receiver should not be continued, the appellants appeared and filed affidavits.  These do not show that the corporation was solvent either at the time the bill was filed or when the affidavits were made.  No objection whatever was made to the admission of insolvency.  On the contrary, appellants' own affidavits disclosed that the business of the corporation was managed in a manner greatly prejudicial to the interests of its creditors and stockholders.  They showed gross mismanagement by the officers in that large sums had been wrongfully paid to some of the officers of the corporation and members of their families.  They showed the inability of the corporation, as managed, to operate at a profit.  They did not deny the admission of the corporation that its business was "at a standstill," and presented no evidence that the business

of the corporation was about to be or could be resumed under that management. In short, the only objection made by the appellants, as we see it, was that the business of the corporation should be conducted by a receiver of their selection rather than by the receiver appointed by the court.

But the appointment of a receiver is a judicial act and the right to name him belongs to the court. Where, as here, a statutory receiver has been properly appointed by the court, such receiver, after hearing upon an order to show cause why he should not be continued, may be continued by the court in the absence of evidence that he is incompetent or unfit by reason of partiality or interest, and where the only objection is that of stockholders that a receiver of their own selection should be named.

Also, we think that the order directing the sale of the corporate property was right. The order was made on notice to all the stockholders and creditors and was unopposed. It seems, too, that the sale was made and confirmed without any objection whatsover.

The only objection now made to the order of sale, as we understand, is that the corporation was not insolvent and the receiver was improperly appointed. But we have already disposed of this objection contrary to the contention of the appellants.

The several orders under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   15.

*For reversal*—None.